```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

```
DONALD D. WILLIS              §
                              §
VS.                           §     ACTION NO. 4:13-CV-387-Y
                              §
CHASE HOME FINANCE, ET AL.    §
```

### ORDER REOPENING CASE, ADOPTING MAGISTRATE JUDGE'S DECISION, AND SETTING DEADLINE FOR PAYMENT OF FILING FEE

The Court has been advised that the United States Court of Appeals for the Fifth Circuit recently dismissed Plaintiff's interlocutory appeal for want of jurisdiction. As a result, the Court concludes that this case should be and hereby is REOPENED. The clerk of the Court shall reinstate the Motion to Dismiss (doc. 8) filed by defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC ("JPMC"), on the Court's docket as if filed on this date.

Furthermore, the Court has reviewed Plaintiff's Motion for Transfer (doc. 12) and Motion for Recusal (doc. 18) and the parties' related briefs. After review, the Court concludes that both motions should be and hereby are DENIED, for the reasons urged in JPMC's responses. Plaintiff has failed to demonstrate that this judge's impartiality can reasonably be questioned, 28 U.S.C. § 455(a), nor has he demonstrated that a transfer of venue is warranted.[1]

---

[1] In his reply brief regarding the recusal motion, Plaintiff cites 28 U.S.C. § 144 as a basis for this judge's recusal, and in support he attaches an affidavit to his reply brief. This Court does not countenance arguments first raised in a reply brief, however. *See Conceal City, L.L.C v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d. 611, 623 (N.D. Tex. 2013) (Fitzwater, J.) (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.); *see also Tran Enters, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) (noting that issues first raised in a reply brief "are not properly before the court"). In any event, the affidavit Plaintiff submitted is insufficient to demonstrate the type

Additionally, the Court has reviewed the magistrate judge's June 5, 2013 Findings, Conclusions, and Recommendation and concludes that they should be and hereby are ADOPTED by this Court. As a result, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (doc. 2) is DENIED. Plaintiff shall pay the entire filing and administrative fees of $400 no later than **November 21, 2013**, or his claims will be dismissed.

SIGNED November 8, 2013.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

of bias or prejudice required under section 144. *See David v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975) ("It is settled that the requisite basis of bias or prejudice under § 144 must be extra-judicial.").